UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERROL MARTELL TRAVIS,

        Plaintiff,                                            Case No. 1:12-CV-96

v.                                                            HON. GORDON J. QUIST

MARVIN MORGRIDGE et al.,

        Defendants.

                                                     /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND REMANDING FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On January 22, 2013, this Court remanded Defendant Morgridge's motion for summary judgment (docket no. 43) to Magistrate Judge Ellen S. Carmody for a report and recommendation on the issue of exhaustion. (Docket no. 72.) On March 20, 2013, the magistrate judge held an evidentiary hearing. On July 17, 2013, the magistrate judge issued a Report and Recommendation (R & R) (docket no. 99) recommending that this Court deny Morgridge's motion because Morgridge did not satisfy his burden of production.

Morgridge has filed a timely Objection (docket no. 101). His sole objection is that the magistrate judge "misapplied the MDOC grievance policy when concluding that Plaintiff was not required to file a Step II or Step III grievance." (Docket no. 101, Page ID 353.) The pertinent Michigan Department of Corrections Policy Directive provides that "[a] grievant may file a [Step II /Step III] grievance if s/he is dissatisfied with the response received at [Step I /Step II] or if s/he did not receive a timely response." MDOC Policy Directive 03.02.130 ¶ BB (effective 07/09/2007). This Court has previously held that when a prisoner does not receive a grievance response, the

policy directive requires the prisoner to proceed to file Step II and Step III grievances in order to exhaust his available administrative remedies. *See, e.g.*, *Hernandez v. Harrington*, No. 2:09-CV-167, 2010 WL 3843773, at *1 (W.D. Mich. Sept. 28, 2010). However, where a prisoner was "impeded from exhausting his administrative remedies" because the grievance coordinator failed to assign his Step I form a unique identifying number (*see* Pl.'s Objection, Docket no. 68, Page ID 231), and the coordinator "refused" to provide him a Step II or III form (*see* docket no. 48, Page ID 153), a prisoner has been precluded from filing the necessary forms and has therefore exhausted his "available" administrative remedies. *See* 42 U.S.C. § 1997e(a). The procedural requirements of a prison grievance system may not be imposed in a way that offends the United States Constitution or the intended purposes of § 1997e(a). *See Spruill v. Gillis*, 372 F.3d 218, 232 (3d Cir. 2004).

In this case, Morgridge concedes that Travis has filed a Step I grievance, and the parties agree that Travis has not filed either a Step II or Step III grievance. However, the parties disagree as to whether Travis was required to file Step II and Step III grievances where Travis has introduced evidence that he was impeded from filing Step II and Step III grievances because the facility's grievance coordinator did not assign his Step I grievance a unique identification number. In light of these facts, there remains a genuine issue of material fact as to whether Travis was impeded from filing a Step II or Step III grievance. Therefore, the Court will adopt the R & R as the Opinion of the Court.

The Court has previously held that there is no right to a jury trial on the issue of exhaustion. (*See* docket no. 72, Page ID 255.) As such, because the magistrate judge has already conducted an evidentiary hearing on the matter, the Court will remand this case to the magistrate judge for explicit findings of fact and conclusions of law on Defendant's affirmative defense of exhaustion.

Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 99) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (docket no. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Objection (docket no. 101) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the issue of exhaustion as an affirmative defense is **REMANDED** to the magistrate judge for findings of fact and conclusions of law.

Dated: August 20, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE