UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ERROL TRAVIS,

       Plaintiff,                          Hon. Gordon J. Quist

v.                                          Case No. 1:12-CV-96

MARVIN MORGRIDGE, et al.,

       Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Morgridge's Motion for Summary Judgment</u>. (Dkt. #126). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted and this matter terminated**.


## BACKGROUND

Plaintiff initiated the present action on January 31, 2012, against several Ionia Maximum Correctional Facility (ICF) employees: Corrections Officer Morgridge; Deputy Warden Norwood; Inspector Goodson; and Grievance Coordinator Breedlove. Plaintiff's claims against Defendants Norwood, Goodson, and Breedlove have since been dismissed. With respect to Defendant Morgridge, Plaintiff asserts the following.

On July 27, 2011, Defendant Morgridge sexually assaulted Plaintiff by touching his penis during a shakedown in the prison food service building. When Plaintiff asked Morgridge why he had inappropriately touched him, Morgridge denied doing so. On August 3, 2011, as Plaintiff was leaving

the food service department, Defendant Morgridge again touched Plaintiff's penis during a shakedown. Plaintiff alleges that Defendant Morgridge's conduct violated his Eighth Amendment rights. Defendant Morgridge now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of

the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth

Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. U.S. Const. amend. VIII. The excessive use of force which results in the unnecessary and wanton infliction of pain violates this provision. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). Claims alleging the excessive use of force have both a subjective and an objective component. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The objective component of an excessive use of force claim is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Not every governmental action affecting inmates, however, is subject to Eighth Amendment scrutiny. *See Whitley*, 475 U.S. at 319. The Constitution does not prohibit "de minimis uses of physical force" so long as "the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. However, as the *Hudson* Court stated:

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Id.* at 9.

The subjective component of the analysis examines whether the prison official's conduct reflected "obduracy and wantonness" or was instead the product of "inadvertence or error in good faith." *Wilson*, 501 U.S. at 299. In this respect, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. 320-21. When evaluating whether a prison official's conduct falls short of this standard, the Court must consider the following factors: (1) the need for the application of force, (2) the relationship between such need and the force used, (3) the threat reasonably perceived by the prison official, and (4) any efforts undertaken to temper the severity of the response. *Hudson*, 503 U.S. at 7. The absence of injury, while relevant, is not dispositive. *Id.*

Plaintiff claims that on two occasions Defendant Morgridge, while conducting a search, inappropriately touched his penis. While the Court agrees that Defendant's alleged actions could cause a reasonable person to experience displeasure and discomfort as Plaintiff alleges, Defendant Morgridge is nevertheless entitled to summary judgment.

Plaintiff alleges that the two searches in question occurred while he was employed in the prison's dining facility. Defendant Morgridge has submitted an affidavit in which he asserts that his responsibilities included "to ensure security of the institution by performing shakedowns, or searches, of all prisoner food service employees before they returned to their housing units." (Dkt. #127, Exhibit F). Morgridge further asserts that "[i]t was important to perform thorough shakedowns of each food service employee following every dining hall shift to ensure that prisoners were not hiding contraband from the kitchen, such as knives or other utensils that could be used as weapons, or food, that could spoil and create a sanitation hazard in the housing units." (Dkt. #127, Exhibit F). Defendant Morgridge

asserts that during the time he was assigned to the prisoner dining facility, he conducted 20-30 prisoner searches daily each of which was conducted "in the exact same manner that [he] was taught to do in the [MDOC] academy." (Dkt. #127, Exhibit F).

At his deposition, Plaintiff testified that during the two searches in question, Defendant Morgridge "grabbed" his penis for "two to three seconds" only "long enough for [Morgridge] to know exactly what it was." (Dkt. #127, Exhibit B at 36). Plaintiff testified that while Morgridge's actions were "discomforting," he did not suffer any injury or experience any lasting impact. (Dkt. #127, Exhibit B at 36-37, 46-47). This testimony is consistent with the medical evidence submitted by Defendant Morgridge. (Dkt. #127, Exhibit C).

There can be no doubt that Defendant Morgridge had a legitimate basis for conducting the searches in question. *See, e.g., Alverto v. Department of Corrections*, 2012 WL 6025617 at *29 (W.D. Wash., Nov. 15, 2012) ("[c]ontrolling contraband is unquestionably a legitimate penological interest"). Likewise, there can be no doubt that conducting a proper search to prevent the smuggling of contraband requires a search of all areas in which the potential contraband could be hidden, including the genital area. *See, e.g., Tuttle v. Carroll County Detention Center*, 2010 WL 2228347 at *1-2 (E.D. Ky., June 2, 2010), aff'd 500 Fed. Appx. 480, 482 (6th Cir., Sept. 21, 2012) ("[a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search"); *see also*, *Cherry v. Frank*, 125 Fed. Appx. 63, 66 (7th Cir., Mar. 8, 2005) (no Eighth Amendment violation where prison guard allegedly "grabbed" and "tugged" inmates genitals as part of a legitimate search to prevent the smuggling of contraband).

In short, the evidence reveals that, at most, Defendant Morgridge briefly touched Plaintiff's penis as part of a legitimate search to prevent the concealment or smuggling of contraband.

As discussed above, such simply fails to implicate the Eighth Amendment. The evidence submitted by Plaintiff does not warrant a different result. Plaintiff has submitted a copy of an incident report regarding one of the searches in question. (Dkt. #134, Attachment 1). This report indicates that Defendant Morgridge was conducting "academy style pat downs" of the food service workers. This supports Defendant Morgridge's assertion that his searches of Plaintiff were performed in conformance with approved methods and procedures.

Plaintiff has also submitted an affidavit from fellow prisoner, Macking Nettles. (Dkt. #134, Attachment 1). Nettles asserts that he observed the August 3, 2011 search of Plaintiff. Nettles asserts that all prison employees were subjected to pat-down searches before being allowed to return to their housing units. Nettles further asserts that Defendant Morgridge did nothing more than "cup and grip" Plaintiff's genital area as part of his search. This evidence supports Defendant Morgridge's assertion that his pat-down searches of Plaintiff were conducted for legitimate purposes and further establishes that Plaintiff was not singled out to be searched. Finally, Plaintiff has submitted an affidavit in which he asserts that he suffers from post-traumatic stress disorder. This assertion is not supported by any evidence and, moreover, is contradicted by the medical evidence submitted by Defendant.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant Morgridge's Motion for Summary Judgment</u>, (Dkt. #126), be **granted** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: October 24, 2014              /s/ Ellen S. Carmody
                                    ELLEN S. CARMODY
                                    United States Magistrate Judge